UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:12-cr-72-3 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| BRIAN HUNTER, JR., | : | |
| | : | |
| Defendant. | : | |

**ORDER DENYING DEFENDANT BRIAN HUNTER, JR.'S
DISCOVERY MOTIONS (DOCS. 61, 62, 63, 64)**

This criminal case is before the Court on Defendant Brian Hunter, Jr.'s Motion for

Production of Brady Material (Doc. 61), Motion for Judicial Determination of Jencks Act

Material (Doc. 62), Motion to Disclose All Surveillance Evidence (Doc. 63) and Motion

to Require Government to Divulge Considerations or Promises to Prosecution Witnesses

in Exchange for Aid and/or Testimony (Doc. 64). The Government filed a Response to

Defendant's Motions. (Doc. 104). Defendant did not file a reply and the time for doing

so has expired.[1] Defendant's Motions are all ripe for decision by the Court.

The Government represents that it has produced voluminous discovery to

Defendant in this case on or about August 17, 2012, and the Court is also aware that the

Government has produced additional materials subsequent to August 17, 2012, or has at

least made additional materials available for inspection. In addition, the Government

represents its intent to produce materials within its possession subject to production under

---

[1] The Court also notes that, during a telephone status conference held August 27, 2012, counsel for
Defendant indicated that the Government was in compliance with its discovery obligations.

*Brady v. Maryland*, 373 U.S. 83 (1963), and that it intends to comply with its obligations to disclose impeachment material under *Giglio v United States*, 405 U.S. 150 (1972).

With regard to *Jencks* material, the Government is not obligated to disclose information until after a witness has testified. *See* 18 U.S.C. § 3500(a) (stating that "[i]n any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case"). Nevertheless, in an effort to avoid delay and to promote judicial economy, the Government anticipates producing *Jencks* materials the Friday before trial.

With regard to surveillance evidence, the Government represents that it has produced the surveillance evidence to Defendant.

Accordingly, in light of all of the foregoing, the Court **DENIES** Defendant's Motions (Docs. 61, 62, 63) as moot.

**IT IS SO ORDERED**.


Date: 9/19/12 　　　　　　　　　　　　 ___*s/ Timothy S. Black*___
　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　United States District Judge