UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:12-cr-72-5 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| STEVEN L. MAYBERRY, | : | |
| Defendant. | : | |

**ORDER DENYING MOTIONS OF
DEFENDANT STEVEN MAYBERRY (DOCS. 73, 74, 75, 76)**

This criminal case is before the Court on Defendant Steven L. Mayberry's Motion for Bill of Particulars (Doc. 73), Motion for Early Disclosure of Jencks and Other Arguably Exculpatory Materials (Doc. 74), Motion to Compel Government to Provide Notice of Intention to Use Evidence (Doc. 75), and Motion for Pretrial Determination of Conspiracy (Doc. 76). The Government filed Responses to Defendant's Motions. (Doc. 105, 106, 107). Defendant did not file reply memoranda and the time for doing so has expired. Defendant's Motions are all ripe for decision by the Court.

**I. BILL OF PARTICULARS**

Defendant requests that the Government provide a bill of particulars, pursuant to Criminal Rule 7(f), which would set forth in details the identity of co-conspirators and other details of the conspiracy alleged in Count One of the Superseding Indictment. The Government argues that Defendant fails to meet his burden of establishing entitlement to a bill of particulars and states that, aside from the allegations in the Superseding

Indictment, the Government has produced voluminous discovery to Defendant.

As set forth by the Sixth Circuit:

> the test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise. See Federal Practice & Procedure § 129. The bill of particulars is not intended as "a means of learning the government's evidence and theories." *Ibid*. A defendant is not entitled to a bill of particulars if the purpose of the bill is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial. *See United States v. Largent*, 545 F.2d 1039, 1043 (6th Cir.1976); *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir.1993). Nor is the Government required to furnish the names of all other co-conspirators. *See United States v. Crayton*, 357 F.3d 560, 568 (6th Cir.2004).

*United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008) (citation omitted).

Here, Defendant's Motion sets forth no specific, particularized need for a bill of particulars and fails to explain how the details alleged in the indictment are insufficient. The Court's review of the Superseding Indictment reveals that it sets forth the names of all indicted co-conspirators, provides the relevant time frame of the purported conspiracy and sets forth general statements concerning the nature of the conspiracy and activities undertaken to facilitate the conspiracy. In addition to the information contained within the Superseding Indictment, the Government represents the production of voluminous discovery, all of which provides further detail regarding the alleged offenses.

Further, information sought by Defendant in the requested bill of particulars consists of the identity of alleged unindicted co-conspirators, details of when Defendant allegedly joined and withdrew from the purported conspiracy, and overt acts undertaken

by Defendant. Generally, however, a bill of particulars is not properly issued to discover these details. *See United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004) (stating that "the Government is not required to furnish the name of all other co-conspirators in a bill of particulars"); *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991) (concluding that the district court did not abuse its discretion in denying a motion for bill of particulars seeking the name of co-conspirators because "[t]he government was not required to furnish this information"); *United States v. Brodie*, 326 F. Supp.2d 83, 91 (D.D.C. 2004) (denying issuance of a bill of particulars and noting that the Government is not "required to prove how or when the conspiracy was formed, the details of any meeting or when the defendant joined the conspiracy").

Accordingly, Defendant's Motion for a Bill of Particulars (Doc. 73) is **DENIED**.

## II. EARLY DISCLOSURE

Next, Defendant seeks an order directing early disclosure of "all Brady/Agurs/ Giglio and Jencks material" (Doc. 74) and directing the Government to provide notice of evidence it intends to use in its case-in-chief. (Doc. 75). In response, the Government represents the production of voluminous discovery, its intent to produce materials subject to production under *Brady v. Maryland*, 373 U.S. 83 (1963), and its intent to comply with its obligations to disclose impeachment material under *Giglio v United States*, 405 U.S. 150 (1972).

With regard to Jencks material, the Government is not obligated to disclose information until after a witness has testified. *See* 18 U.S.C. § 3500(a) (stating that "[i]n

any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case"). Nevertheless, in an effort to avoid delay and to promote judicial economy, the Government anticipates producing Jencks materials the Friday before trial.

Relying upon the representations of the Government, Defendant's Discovery Motions (Docs. 74, 75) are **DENIED**.

### III.  PRETRIAL DETERMINATION OF CONSPIRACY

Finally, Defendant moves for a pretrial hearing for the Court to determine the existence of a conspiracy before trial. Defendant's Motion suggests an insufficiency of evidence supporting the conspiracy count against him. Defendant, however, points to no authority authorizing the Court, following indictment, to conduct a pretrial hearing for the purpose of determining the sufficiency of the Government's evidence. The Government argues that there is no such pretrial procedure, and that the proper method for challenging the sufficiency of the Government's evidence is a Criminal Rule 29 motion for judgment of acquittal at the close of the Government's case-in-chief.

The Court agrees with the Government that the hearing requested is not an available pretrial procedural mechanism. "There is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context." *United States v. Yakou*, 428 F.3d 241, 246 (D.C. Cir. 2005) (citing *United States v. DeLaurentis*,

230 F.3d 659, 661 (3rd Cir. 2000); *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir.1995); *see also United States v. Xiong*, 06-CR-72-S, 2006 WL 3025651, *2 (W.D. Wis. Jul. 7, 2006) (stating that "pretrial motions are limited to issues the court can determine without a trial of the general issue[,]" and that "challenging the government's ability to prove its case is not a ground for pretrial dismissal of a charge because summary judgment does not exist in criminal cases").

Accordingly, the Court **DENIES** Defendant's Motion for Pretrial Determination of Conspiracy. (Doc. 76).

### IV. CONCLUSION

Based on all of the foregoing, the Court **DENIES** Defendant's Motion for Bill of Particulars (Doc. 73), Motion for Early Disclosure of Jencks and Other Arguably Exculpatory Materials (Doc. 74), Motion to Compel Government to Provide Notice of Intention to Use Evidence (Doc. 75), and Motion for Pretrial Determination of Conspiracy (Doc. 76).

**IT IS SO ORDERED**.


Date:  September 20, 2012                         *s/ Timothy S. Black*
                                                  Timothy S. Black
                                                  United States District Judge